## THEODORE SANDER v. GEORGE W. STENGER.[1]

May 10, 1912.

Nos. 17,569—(189).

**Registration subject to mortgage — foreclosure.**

In this action to set aside the foreclosure of a mortgage by advertisement, it is *held*:

1. When land is registered under the Torrens law, subject to the lien of a mortgage, it is not necessary to the foreclosure of such mortgage by

[1] Reported in 136 N. W. 4.

advertisement that assignments of the same made before the decree of registration should be registered, or a memorial thereof be entered upon the certificate of title. Section 55, c. 305, Laws 1905, applies only to mortgages and assignments made after the decree.

2. On the facts in this case, the owner of the mortgage had the right to foreclosure by advertisement, and there was no defect in the proceedings.

Action in the district court for Ramsey county to set aside the foreclosure of a mortgage by advertisement. The case was tried before Kelly, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff that the foreclosure by advertisement and sale of the land be vacated. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*John D. O'Brien, Dillon J. O'Brien* and *Charles Bechhoefer,* for appellants.

*Otto Kueffner,* for respondent.

BUNN, J.

This is an action to set aside a foreclosure of a mortgage. The decision below was in favor of plaintiff, and defendant appealed from an order denying a new trial.

The mortgage foreclosed was given by plaintiff and his wife to the Citizens Savings Bank January 3, 1907, and recorded on the same day. It contained the usual power of sale. January 5, 1907, plaintiff began proceedings to register his title under the Torrens law. February 26, 1908, the mortgage was assigned to Magdalena Huebscher, which assignment was recorded February 7, 1910. The proceedings to register the title under the original application went so far as the issuance and service of summons; but nothing beyond this was done until April 18, 1910, when a new or amended application was filed. The examiner reported that the mortgage had since his last report been assigned to Magdalena Huebscher, and referred to the book and page of its record. Magdalena Huebscher was not, however, made a party to the proceedings or served with the summons. The decree entered July 5, 1910, directed registration subject to the mortgage owned by Magdalena Huebscher.

The original and owner's duplicate certificate, in the memorial attached, recited the amount and date of the mortgage, the book, page, and time of record, and, instead of stating the name of the mortgagee and the fact of the assignment, described the mortgage as "running to Magdalena Huebscher." Magdalena Huebscher died, and George W. Stenger was appointed administrator of her estate in March, 1910. July 27, 1910, Stenger, as administrator and "in his own right," assigned the mortgage to M. A. Erne. Prior to this time there appears of record an assignment of the mortgage from Anton Huebscher to Stenger, but no title in Anton is shown. In September, 1910, Erne assigned the mortgage to Stenger, who thereafter commenced the foreclosure proceedings which this action is brought to set aside. All of the assignments were recorded in the office of the register of deeds, and all were filed with the registrar of titles. Each was noted on the memorial attached to the original certificate of title.

The basis of the trial court's decision holding the foreclosure void was the failure of the memorial attached to the certificate of title to note the assignment of the mortgage from the Citizens Savings Bank to Magdalena Huebscher; the court holding that the notation that the mortgage was one "running to Magdalena Huebscher" did not satisfy the provisions of section 55, c. 305, p. 478, Laws 1905, which say that "where the mortgage is upon registered land it shall be sufficient to authorize the foreclosure thereof by advertisement, if such mortgage and all assignments have been registered, and a memorial thereof duly entered upon the certificate of title.

We are unable to sustain the decision of the trial court. When the mortgage was given, and when it was assigned to Huebscher, the land was not registered land. The decree of registration recited the fact of the assignment, and directed registration subject to a mortgage owned by Huebscher. At the time the certificate was issued, therefore, the land was subject to a mortgage then owned by Magdalena Huebscher, and we think it was wholly unnecessary to note on the memorial the assignments which showed when and how she acquired her ownership. The provisions of section 55 were not intended to apply to

assignments made before the land was registered, but only to those which assigned a mortgage on lands registered at the time the assignment was made or filed for record. That this is the proper construction of section 55 is apparent from the other provisions of the act. Under the construction of the trial court, it would be necessary to note on the memorial all assignments prior to the decree, although the decree itself need not, and probably would not, refer to such assignments, but simply, as was done in this case, adjudge that the land was subject to a certain mortgage now owned by whoever was the present owner. The certificate complied with the decree, and there was no possible prejudice to the mortgagor.

Again, it would be strange if the mortgagor could defeat the right to foreclose by advertisement by any act of his, without the consent of the owner of the mortgage. He procured the registration and conducted the proceedings. Indeed, as we have said, the owner of the mortgage was not even a party to the proceedings. We hold that the memorial was sufficient under section 34 of the act [at p. 469] requiring that the certificate "shall by memorial contain a brief description of all incumbrances * * * to which the estate of the owner is subject," and that section 55 [p. 478] does not apply to assignments made before the decree. The assignments made after the land was registered are properly noted on the memorial to the original certificate, and, so far as the provisions of the Torrens act are concerned, the right of the defendant to foreclose his mortgage by advertisement had not been lost.

It remains to consider whether there is any fatal defect in the foreclosure proceedings under the statutes regulating foreclosures by advertisement. The notice complied fully with the statute. It described the mortgage and each assignment, gave the time, book, and page of the record of each, and also the fact that, and dates when, each was filed with the registrar of titles. In short, the notice showed a complete and perfect record title to the mortgage in defendant. It also recited the assignment from Anton Huebscher to defendant, though it was apparent that Anton had no interest to assign. As this assignment appeared of record, it was probably neces-

sary to recite it in the notice; but clearly neither its existence of record, nor the fact that the notice referred to it, in any way affected the right to foreclose the mortgage under the power of sale. There is no doubt that foreclosure by advertisement is a statutory remedy, and that all the essential requisites must be strictly followed, or the proceedings will be held void. But we think they were followed in this case, and that there is no ground upon which plaintiff can legally be given the relief he seeks. The notice was sufficient, whether the mortgage was upon registered land or unregistered land. It fully complied with the statutes as amended with reference to foreclosures of mortgages on registered land. All of the other proceedings were regular, and, as we hold that defendant had not lost his right to foreclose by advertisement by reason of any defects in the record or registration of the mortgage or its assignments, it follows that the foreclosure was valid.

Order reversed.